**SO ORDERED.**

**SIGNED this 26 day of November, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

LARRY AND VANESSA McNEILL,

      Debtors.                            Case No. 06-04082-8-JRL
                                                      Chapter 13

_____

**ORDER**

This case is before the court upon request of the debtors relating to a Notice of Default by CIT Group/Consumer Finance, Inc. (CIT Group), received by the debtors on September 26, 2007. On November 14, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

On December 31, 2001, the debtors entered into a promissory note which was secured by a deed of trust on real property located in Bladen County, North Carolina. The promissory note financed the purchase of a 2002 Mansion mobile home. The debtors filed a Chapter 13 bankruptcy petition on December 14, 2006. Subsequent to the filing of the Chapter 13 petition, CIT Group sought relief from the automatic stay based on the debtors' default on post-petition payments in the amount of $3,969.13. On July 27, 2007, this court denied CIT Group's request

for relief from the automatic stay, but ordered the debtors to adhere to certain terms and conditions. Chief among those conditions were: (1) debtors would make the regularly scheduled monthly payments beginning with the July 31, 2007 installment, (2) in addition to the regularly scheduled payments, debtors would pay an additional $661.52 per month through January 31, 2008 to bring the post-petition arrearage current, and (3) if the debtors defaulted on future monthly installments by more than twenty days, CIT Group would be granted relief from the stay. The order also stated that the delinquent amount and the additional monthly payments would be reduced if the debtors could present copies of certain checks which they claim were not properly credited to their account with CIT Group. The debtors defaulted under the terms of the July 27, 2007 order by failing to timely submit their August 2007 payment. On September 26, 2007, counsel for CIT Group notified the debtors' counsel that the debtors were in default and that CIT Group intended to proceed with foreclosure.

     The debtors assert that they made the July 31, 2007 payment as required by this court's order and produced copies of checks that they believe entitle them to a credit to their CIT Group account. After submitting copies of the checks, the debtors awaited notification from CIT Group as to the new amount of their payments. The debtors assert that they made several attempts to contact their attorney and CIT Group to learn the amount of the new adjusted payment. The debtors' attorney eventually advised them to submit two payments to CIT Group: one for $656.40, representing the regular monthly payment, and one for $661.53, representing the additional payment required by the court order. The debtors assert that they made these payments by money order. The regular monthly payment for August was timely submitted. However, the debtors did not timely submit the additional $661.53 because they had not been

2

notified by CIT Group of the amount of their adjusted payment after tendering copies of their checks pursuant to the July 27, 2007 order. Upon learning that they owed CIT Group the full $661.53, the debtors submitted the payment. However, the payment occurred more than twenty days from the due date. The debtors' payment was returned by CIT Group along with a notice that their account was in foreclosure. The debtors then contacted their attorney, who advised them to contact CIT Group directly. The debtors assert that a CIT group representative advised them to re-submit the payment and continue to make new payments pursuant to the court order. The debtors re-submitted the payment, which was again returned with a notice that the account was in foreclosure. After several attempts to contact CIT Group, the debtors requested a hearing.

The court finds that provisions of the July 27, 2007 order are ambiguous. The debtors' interpretation of the order as not requiring them to make additional payments until they received notice from CIT Group of the amount of their adjusted payments is a reasonable reading of the order. Paragraph two of the order requires the debtors to pay an additional $661.52 per month beginning with the August 31, 2007 installment. However, paragraph three can fairly be read to mean that CIT Group would notify the debtors of the adjusted amount of their obligation after the debtors submitted copies of checks sent to CIT Group. The debtors are currently working four jobs in order to make their Chapter 13 plan payments, and the court does not find that the stay should be lifted based on the terms of the ambiguous July 27, 2007 order.

Based on the record, the court sets aside CIT Group's Notice of Default and reinstates the automatic stay. The debtor is to immediately tender $2,369.65 to CIT Group. The debtors also must be current on their payments to CIT Group by November 30, 2007 or the stay will automatically be lifted as to CIT Group. The twenty-day drop dead provision of the July 27,

2007 order does not apply to the payment that must be received by November 30, 2007. Further, the debtors are required to make monthly payments of $656.40, plus an additional $661.52 per month through January 31, 2008 to bring the post-petition arrearage current. If the debtors are late by more then twenty days on any payment to CIT Group for the remainder of their plan, the stay will automatically lift as to CIT Group.

"END OF DOCUMENT"